Marc X. Carlos (CSB 125725)
LAW OFFICE OF MARC X. CARLOS
424 "F" Street, Suite 205
San Diego, California 92101
(619) 702-3226
marc@marccarloslaw.com

Devin Burstein (CSB 255389)
WARREN & BURSTEIN
501 West Broadway, Suite 240
San Diego, California 92101
(619) 234-4433
db@wabulaw.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT ROWEN AND TERESA SU,<br><br>Defendants. | Case No.: 19-cr-486-CRB<br><br>I.  Defendants' notice of motion and motion to dismiss counts two and three of the indictment as barred by the statute of limitations and duplicitous.<br><br>II.  Claims for preservation<br><br>December 16, 2020, at 1:30 p.m. |

All parties, please take notice that the defendants will, and hereby do, move the Court to grant this motion to dismiss counts two and three of the indictment. Additionally, defendants make other claims for preservation.

//

//

//

//

1

# I.
# Motion to dismiss counts two and three

**A.    Introduction.**

There are two ways to charge tax evasion in violation of 26 U.S.C. § 7201. The simplest way is to mimic the tax code's year-based method. One tax year equals one count.

The other way is to cram everything into a single count containing all the allegations of evasion covering multiple tax years. That is what the government has done. But the decision is self-defeating. As charged, counts two and three violate the statute of limitations and are otherwise duplicitous. Dismissal is the remedy.

**B.    Relevant facts.[1]**

On July 5, 2018, the government sent target letters to Drs. Rowen and Su, informing them of potential criminal charges. APP:1, 4. The parties then entered into an agreement to toll the statute of limitations "from July 5, 2018, up to and including August 20, 2018." APP:2, 5. The agreements further provided that, if Drs. Rowen and Su "assert[ed] the statute of limitations as a bar to prosecution . . . , the period commencing from July 5, 2018, up to and

---

[1] The facts below are limited to those relevant to this motion. A broader factual summary is contained in Drs. Rowen and Su's suppression motion.

including August 20, 2018, will be excluded from the calculation of the limitation period." APP:2, 5.

On September 26, 2019, the government filed a two-count indictment against Drs. Rowen and Su. See Dckt. 1. On January 16, 2020, the government filed the current superseding indictment. See Dckt. 27.

<u>Count one</u> charges both Drs. Rowen and Su with conspiracy to defraud the United States, 18 U.S.C. § 371. It alleges the conspiracy took place, "[f]rom on or about January 3, 2007, and continuing to at least September 13, 2018[.]" Dckt. 27 at 6.

<u>Count two</u> charges Dr. Rowen with tax evasion, 26 U.S.C. § 7201. See Dckt. 27 at 8. In a single count, the government lumped together 12 tax years, as follows:

| Period | Tax Form | Due Date of Return | Date Return Filed | Tax Due Reported on Tax Return Filed | Penalty Due on 3/20/14 | Interest Due on 3/20/14 |
|---|---|---|---|---|---|---|
| 1992 | 1040 | 4/15/93 | 6/22/98 | $ 30,835 | $ 14,644.08 | $ 114,942.22 |
| 1993 | 1040 | 4/15/94 | 6/29/98 | $ 27,120 | $ 48,789.80 | $ 276,391.79 |
| 1994 | 1040 | 4/17/95 | 6/29/98 | $ 33,116 | $ 50,804.30 | $ 177,831.10 |
| 1995 | 1040 | 4/15/96 | 6/29/98 | $ 25,112 | $ 59,459.30 | $ 254,340.60 |
| 1996 | 1040 | 4/15/97 | 5/18/98 | $ 29,744 | $ 38,727.96 | $ 170,732.96 |
| 1997 | 1040 | 4/15/98 | 7/6/98 | $ 33,115 | $ 10,318.75 | $ 54,102.96 |
| 2003 | 1040 | 4/15/04 | 9/13/10 | $ 19,749 | $ 9,890.31 | $ 11,132.99 |
| 2004 | 1040 | 4/15/05 | 9/20/10 | $ 15,068 | $ 7,589.10 | $ 7,255.98 |
| 2005 | 1040 | 4/17/06 | 9/27/10 | $ 5,688 | $ 2,929.95 | $ 2,087.70 |
| 2006 | 1040 | 4/17/07 | 10/4/10 | $ 5,765 | $ 2,780.58 | $ 1,462.66 |
| 2007 | 1040 | 4/15/08 | 7/23/10 | $ 4,902 | $ 1,813.74 | $ 692.15 |
| 2008 | 1040 | 4/15/09 | 9/6/10 | $ 2,112 | $ 561.72 | $ 127.32 |
| Total | | | | $ 232,326 | $248,309.59 | $1,071,100.43 |

*Id.* at 8-9.  The indictment further lists 13 bullet-pointed evasive acts taking place between 2003 and 2017.  *See id.* at 9-10.  These alleged acts, however, are not tied to any particular tax year.  It is unclear whether or how a specific act is alleged to have assisted evading payment of tax in a given year.

Count three follows a nearly identical pattern.  *See id.* at 10.  It charges Dr. Su with attempting to evade "the tax due and owing by ROWEN to the United States of America for the tax years 1992 through 1997, and 2003 through 2008[.]"  *Id.*  It then lists ten bullet-pointed evasive acts unconnected to any particular tax year.  *See id.* at 10-11.

**C.   Discussion.**

   **1.   Counts two and three are time-barred.**

There is a six-year statute of limitations for tax evasion.  *See* 26 U.S.C. § 6531(3).  It begins when the crime is complete, because "[a]n attempt to evade a tax and the payment thereof is not a continuing offense."  *Norwitt v. United States*, 195 F.2d 127, 133 (9th Cir. 1952) (quotation omitted).

Like all non-continuing crimes, the offense of tax evasion "is complete as soon as every element in the crime occurs."  *United States v. Musacchio*, 968 F.2d 782, 790 (9th Cir. 1991).  Specifically, "[t]he period of limitation begins to run not when the taxes are assessed or when payment is demanded, but rather when the failure to pay the tax becomes willful — an essential element of the

crime." *United States v. Andros*, 484 F.2d 531, 532-33 (9th Cir. 1973); *see also United States v. DeTar*, 832 F.2d 1110, 1113 (9th Cir. 1987) ("the indictment is timely so long as it is returned within six years of an affirmative act of evasion.").

When evasion is charged on a tax-year basis, application of this rule is relatively straightforward. Here, it is not.

The government charges 12 different tax years in each count (1992-1997 and 2003-2008). The latest return for one of those years – tax year 2006 – was filed on October 4, 2010. Dckt. 27 at 8-9. Plainly, that is more than six years before the tolling agreement (2018) and the indictment (2019).[2] As such, if measured from the date the returns were filed, those charges are time-barred. *See United States v. Habig*, 390 U.S. 222, 223 (1968) (holding the statute of limitations for tax evasion begins to run "at the time the return is filed.").

The analysis, unfortunately, is not so simple, because the bullet-point list of evasive acts extends to acts that are within the six-years.[3] If the

---

[2] Ultimately, the tolling agreement is irrelevant to the arguments in this motion because even if measured from that point – rather than the indictment – counts 2 and 3 are untimely. What's more, the indictment came long after the agreement expired.

[3] *See* acts: 8, 9, 10, 11, 12, 13, in count 2, and 2, 5, 6, 7, 8, 9, 10, in count 3.

limitations period were measured from one of those acts, the charges for all the years are timely. But it is not measured that way.

As already discussed, the crime is complete as soon as the evasion becomes willful, not at some later date.[4] Of course, were it otherwise, the government could avoid the limitations period – and restart the clock for long-expired crimes – simply by charging old years with newer ones in a single count. The statute of limitations would apply differently to individuals with the same conduct depending on the whims of the prosecutor's decision to charge evasion in one count or several.

This is not the law. Indeed, the Supreme Court has been clear: (1) Congress intended "a uniform expiration date for most taxpayers," and (2) "criminal limitations statutes are 'to be liberally interpreted in favor of repose[.]'" *Habig*, 390 U.S. at 223, 226-27 (citation omitted).

This brings the analysis to the crux of the problem with the indictment. It does not allege which evasive acts tie to which years. Thus, it is impossible to discern when, as to any particular year, the crime was complete.

---

[4] The government may cite *DeTar*, 832 F.2d at 1113, on this point. But there, the defendant argued for dismissal because the indictment was filed "more than six years *from the date returns were due* for those [relevant] years." *Id.* (emphasis added). Drs. Rowen and Su do not make this claim. Rather, consistent with black letter law, they argue the limitations' period begins as soon as the crime is complete.

6

Take, for instance, the first charged tax-year, 1992.  The return for 1992 was filed on June 22, 1998.  *See* Dckt. 27 at 8.  Surely, sometime between 1998 and 2012, "the [alleged] failure to pay the tax bec[a]me willful[.]"  *Andros*, 484 F.2d at 532-33.[5]  From that moment of alleged willful evasion – whenever it was – the clock began running.  *See id.*  Once it expired six years later – undoubtedly at some point well *before* the tolling agreement (and indictment) – the charge was barred.

This applies to each of the 12 charged years.  For all of them: (a) the returns were filed more than six years *before* the tolling agreement; and (b) an alleged act of willful evasion took place more than six years *before* the tolling agreement, which necessarily started the clock.  This is where "the principle that criminal limitations statutes are 'to be liberally interpreted in favor of repose'" comes into play.  *See Habig*, 390 U.S. at 227 (citation omitted).

Not unlike the rule of lenity, this principle ensures that any uncertainty as to whether the limitation period has run inures to the defendant's benefit. Accordingly, here, because the alleged evasion for all twelve years became

---

[5] This must be so because the indictment lists a number of alleged evasive acts from that period.

7

willful more than six years before the tolling agreement and indictment, the Court should hold counts two and three are time-barred.[6]

### 2. Counts two and three are duplicitous.

Alternatively, the Court should dismiss counts two and three as duplicitous. A charge is duplicitous when it joins two or more offenses in a single count. *United States v. Ramirez-Martinez*, 273 F.3d 903, 913 (9th Cir. 2001). A duplicitous count violates the defendant's Fifth and Sixth Amendment rights. *See United States v. King*, 200 F.3d 1207, 1212 (9th Cir. 1999). Indeed, "[o]ne vice of duplicity is that a jury may find a defendant guilty on a count without having reached a unanimous verdict on the commission of a particular offense." *Ramirez-Martinez*, 273 F.3d at 913. The question is "whether the indictment itself can be read to charge only one violation in each count." *United States v. Mancuso*, 718 F.3d 780, 792 (9th Cir. 2013).

Here, counts two and three combine multiple section 7201-violations. The statute of limitations discussion proves the point. Because the evasion

---

[6] At the very least, the jury must be instructed that it has to find an act of evasion occurred within the limitations period. This point applies to *all three counts* of the indictment. *See United States v. Fuchs*, 218 F.3d 957, 961 (plain error in failing to "instruct[] the jury that it had to find that an overt act in furtherance of the conspiracy occurred within the statute of limitations."). Additionally, because the indictment lists multiple alleged evasive acts, a specific unanimity instruction is necessary.

for each tax year can be complete at a different time, it must be a distinct offense. As such, it must be charged in a discreet count (which would also cure the statute of limitation conundrum). *See Khan v. Barber*, 253 F.2d 547, 549 (9th Cir. 1958) ("complete crimes committed on differing dates or in differing places are considered separate and different crimes, and support separate charges.").

The defense acknowledges that in *United States v. Shorter*, 809 F.2d 54, 57 (D.C. Cir. 1987), and *United States v. Root*, 585 F.3d 145, 151 (3d Cir. 2009), the courts held that multiple years could be charged in a single count. But there are at least four reasons this Court should not follow them.

*First*, they are out-of-Circuit and not precedential.

*Second*, the reasoning of those courts is not persuasive. It boils down to a logical fallacy that substantive tax evasion is akin to a conspiracy where there can be an ongoing scheme. *See Shorter*, 809 F.2d at 57 ("these activities could be regarded as evidencing a continuous course of conduct"); *Root*, 585 F.3d at 150-51 (following *Shorter*). We know this is wrong. Unlike conspiracy, substantive tax evasion under section 7201 is *not* a continuing offense. *See Norwitt*, 195 F.2d at 133. Thus, the analogy is inapt.

*Third*, the *Shorter* and *Root* decisions defy common sense. It is most logical to charge tax evasion on a tax-year basis, especially when it is tied to

9

filed tax returns. The tax year reflected in the return is the obvious unit of prosecution.

*Fourth*, those decisions did not directly address the statute of limitations problem caused by squeezing multiple years into a single count. As such, they cannot possibly have ruled on the issue in the context raised here. *See Webster v. Fall*, 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents."); *Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir. 1985) ("unstated assumptions on non-litigated issues are not precedential holdings binding future decisions.").

For these reasons, *Shorter* and *Root* should not control the analysis here. Instead, the Court should hold counts two and three are duplicitous and dismiss them.

**D.  Conclusion.**

Drs. Rowen and Su respectfully request the Court dismiss counts two and three as time-barred and/or duplicitous.

## II.
## Claims for preservation

The following claims are raised to preserve Drs. Rowen and Su's right to pursue them pro se (or through other attorneys) in any subsequent proceedings. *Cf. Anders v. California*, 386 U.S. 738, 744-45 (1967).

1. Drs. Rowen and Su maintain that the indictment must be dismissed for lack of jurisdiction because federal criminal jurisdiction only extends to the District of Columbia, United States territorial possessions, ceded territories, and "other property" of the United States (U.S. Constitution article 4).

2. Drs. Rowen and Su maintain that the indictment must be dismissed because there has been no proper tax assessment (as required under IRS regulations) against them and thus there is no tax owing pursuant to statues and Treasury regulation.

3. Drs. Rowen and Su maintain that the indictment should be dismissed because it infringes upon their right to earn a living in lawful coined money of the United States (Coinage Act of 1792), which right is protected by the 9th and 10th amendments.

Dated: October 7, 2020            Respectfully submitted,

*/s/ Devin Burstein*
Marc X. Carlos
Devin Burstein
Attorneys for Mr. Rowen

*/s/ Sandeep Singh*
Sandeep Singh
Attorney for Ms. Su

# APPENDIX

```
 1 | ALEX G. TSE (CABN 152348)
   | Acting United States Attorney
 2 |
 3 | BARBARA J. VALLIERE (DCBN 439353)
   | Chief, Criminal Division
 4 |
 5 | COLIN SAMPSON (CABN 249784)
   | Assistant United States Attorney
 6 |
   |     450 Golden Gate Avenue, Box 36055
 7 |     San Francisco, California 94102-3495
   |     Telephone: (415) 436-7200
 8 |     FAX: (415) 436-7009
   |     colin.sampson @usdoj.gov
 9 |
   | Attorneys for United States of America
10 |
11 |
12 |                 UNITED STATES DISTRICT COURT
13 |                NORTHERN DISTRICT OF CALIFORNIA
14 |                    SAN FRANCISCO DIVISION
15 |
16 |                                    )  Misc. No.
   |                                    )
17 | IN THE MATTER OF:                  )
   |                                    )  AGREEMENT TOLLLING THE STATUTE OF
18 |                                    )  LIMITATIONS AND WAIVER OF RIGHTS
   |                                    )  UNDER THE APPLICABLE STATUTE OF
19 | TERESA SU                          )  LIMITATIONS
   |                                    )
20 |                                    )
   |_____)
21 |
22 |
23 |     The United States of America, by its attorneys named above, and Teresa Su, who with the advice
24 | and concurrence of her attorneys, Joseph Bray and Sandeep Singh, enter this agreement as follows:
25 |     The parties agree and understand that Teresa Su has been the subject of a criminal investigation
26 | relating to collection of federal income taxes assessed against her and against Robert Rowen by the
27 | Internal Revenue Service, and that the government is further investigating charges under Titles 18 and
28 | 26, United States Code.
```

AGREEMENT TOLLING STATUTE OF
LIMITATIONS AND WAIVER OF RIGHTS            1

1

On July 5, 2018, the United States sent a target letter to Ms. Su. The parties agree that additional time is necessary for discussions with the government regarding the criminal investigation against Teresa Su and others.

Now, in consideration of Teresa Su's and Mr. Bray and Mr. Singh's desires to have the government consider certain evidence and potentially resolve the matters, the parties agree to toll, from the date of the target letter Teresa Su signs this agreement through August 20, 2018, the applicable statute of limitations periods set forth in 18 U.S.C. § 3282 and 26 U.S.C. § 6531 for all charges that could be brought related to her alleged participation a conspiracy to defraud the United States with regard to the collection of federal income and employment taxes, for the years 1992 through 1997 and 2003 through 2016.

Teresa Su understands that she has a right under 26 U.S.C. § 6531 to have criminal charges brought within six years from the date of a specified criminal act, and under 18 U.S.C. § 3282, to have criminal charges brought within five years of the date of a specified criminal act, subject to any applicable statutory tolling provisions.

She also understands that, pursuant to this agreement, if she asserts the statute of limitations as a bar to prosecution for charges arising from the conduct described above, the period commencing from July 5, 2018, up to and including August 20, 2018, will be excluded from the calculation of the limitation period.

The parties agree that, by entering this agreement, Teresa Su does not waive any constitutional or statutory right to a speedy trial except to the extent that she has agreed that any criminal charge may be delayed from the date of the entry of this agreement until August 20, 2018.

The parties agree and understand that they may continue to investigate alleged violations of criminal law during the tolling period set forth above. The parties further agree and understand that this agreement waives any statute of limitations applicable to crimes for which the statute of limitations has not yet expired.

Teresa Su agrees that:

    a) she has discussed this matter thoroughly with her attorney;

    b) she waives his right to be indicted within the applicable statute of limitations to the

extent that she agrees to the tolling period set forth in this agreement; and

      c) she is not under the influence of any mind-altering substance or suffering from any mental disease or illness that might impair her ability to make an informed judgment on this matter.

Counsel for Ms. Su, by signing this agreement, acknowledges and agrees:

      a) his client has had an opportunity to thoroughly consider and discuss with counsel the consequences of entering his agreement; and

      b) his client has been competent to consult with counsel concerning this matter and does not appear to be under the influence of any mind-altering substance or suffering from any mental disease or defect that would preclude her from making an informed decision to enter this agreement.

This writing constitutes the entire agreement entered by the parties and no other terms will be agreed to unless they are in writing.

ALEX G. TSE  
Acting United States Attorney

DATED:   July ____, 2018.   _____  
COLIN SAMPSON  
Assistant United States Attorney

DATED:   July 17, 2018.   _____  
JOSEPH BRAY  
SANDEEP SINGH  
Attorney for Robert Rowen

DATED:   July ____, 2018.   _____  
TERESA SU

AGREEMENT TOLLING STATUTE OF  
LIMITATIONS AND WAIVER OF RIGHTS    3

1  ALEX G. TSE (CABN 152348)
   Acting United States Attorney
2
3  BARBARA J. VALLIERE (DCBN 439353)
   Chief, Criminal Division
4
   COLIN SAMPSON (CABN 249784)
5  Assistant United States Attorney

6      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
7      Telephone: (415) 436-7200
       FAX: (415) 436-7009
8      colin.sampson @usdoj.gov
9
   Attorneys for United States of America
10

11

12               UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                   SAN FRANCISCO DIVISION

15
                                          )  Misc. No.
16                                        )
   IN THE MATTER OF:                      )
17                                        )  AGREEMENT TOLLLING THE STATUTE OF
                                          )  LIMITATIONS AND WAIVER OF RIGHTS
18                                        )  UNDER THE APPLICABLE STATUTE OF
   ROBERT ROWEN                           )  LIMITATIONS
19                                        )
                                          )
20 _____)

21

22

23      The United States of America, by its attorneys named above, and Robert Rowen, who with the

24 advice and concurrence of his attorneys, Joseph Bray and Sandeep Singh, enter this agreement as

25 follows:

26      The parties agree and understand that Robert Rowen has been the subject of a criminal

27 investigation relating to collection of federal income taxes assessed against him and against Teresa Su

28 by the Internal Revenue Service, and that the government is further investigating charges under Titles 18

AGREEMENT TOLLING STATUTE OF
LIMITATIONS AND WAIVER OF RIGHTS            1

4

1 | and 26, United States Code.

2 | On July 5, 2018, the United States sent a target letter to Mr. Rowen. The parties agree that
3 | additional time is necessary for discussions with the government regarding the criminal investigation
4 | against Robert Rowen and others.

5 | Now, in consideration of Robert Rowen's and Mr. Bray and Mr. Singh's desires to have the
6 | government consider certain evidence and potentially resolve the matters, the parties agree to toll, from
7 | the date of the target letter through August 20, 2018, the applicable statute of limitations periods set
8 | forth in 18 U.S.C. § 3282 and 26 U.S.C. § 6531 for all charges that could be brought related to his
9 | alleged participation a conspiracy to defraud the United States with regard to the collection of federal
10 | income and employment taxes, for the years 1992 through 1997 and 2003 through 2016.

11 | Robert Rowen understands that he has a right under 26 U.S.C. § 6531 to have criminal charges
12 | brought within six years from the date of a specified criminal act, and under 18 U.S.C. § 3282, to have
13 | criminal charges brought within five years of the date of a specified criminal act, subject to any
14 | applicable statutory tolling provisions.

15 | He also understands that, pursuant to this agreement, if he asserts the statute of limitations as a
16 | bar to prosecution for charges arising from the conduct described above, the period commencing from
17 | July 5, 2018, up to and including August 20, 2018, will be excluded from the calculation of the
18 | limitation period.

19 | The parties agree that, by entering this agreement, Robert Rowen does not waive any
20 | constitutional or statutory right to a speedy trial except to the extent that he has agreed that any criminal
21 | charge may be delayed from the date of the entry of this agreement until August 20, 2018.

22 | The parties agree and understand that they may continue to investigate alleged violations of
23 | criminal law during the tolling period set forth above. The parties further agree and understand that this
24 | agreement waives any statute of limitations applicable to crimes for which the statute of limitations has
25 | not yet expired.

26 | Robert Rowen agrees that:
27 |     a) he has discussed this matter thoroughly with his attorney;
28 |     b) he waives his right to be indicted within the applicable statute of limitations to the

AGREEMENT TOLLING STATUTE OF
LIMITATIONS AND WAIVER OF RIGHTS      2

5

extent that he agrees to the tolling period set forth in this agreement; and

    c) he is not under the influence of any mind-altering substance or suffering from any mental disease or illness that might impair his ability to make an informed judgment on this matter.

Counsel for Mr. Rowen, by signing this agreement, acknowledges and agrees:

    a) his client has had an opportunity to thoroughly consider and discuss with counsel the consequences of entering his agreement; and

    b) his client has been competent to consult with counsel concerning this matter and does not appear to be under the influence of any mind-altering substance or suffering from any mental disease or defect that would preclude him from making an informed decision to enter this agreement.

This writing constitutes the entire agreement entered by the parties and no other terms will be agreed to unless they are in writing.

ALEX G. TSE
Acting United States Attorney

DATED: July ____, 2018.

_____
COLIN SAMPSON
Assistant United States Attorney

DATED: July 17, 2018.

_____
JOSEPH BRAY
SANDEEP SINGH
Attorney for Robert Rowen

DATED: July ____, 2018.

_____
ROBERT ROWEN

AGREEMENT TOLLING STATUTE OF
LIMITATIONS AND WAIVER OF RIGHTS    3