Robert Jay Rowen-Pro se
321 S. Main St. #537
Sebastopol, California 95472
EMAIL: DRROWEN@ATT.NET
PHONE: 707-328-3012

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, PLAINTIFF, <br><br> VS. <br><br> ROBERT ROWEN AND TERESA SU DEFENDANTS. | CASE NO. 3:19-CR-00486-CRB-1 <br><br> DEFENDANT ROBERT ROWEN'S MOTION FOR EARLY PRESENCE REPORT <br><br> ORDER |
|---|---|

Comes now Defendant Robert Rowen, (Defendant) and for his motion states:

1. Defendant Rowen has been informed, pursuant to the US Supreme Court case *Class v. US*, 200 L. Ed. 2d 37 (2018) that "[T]he plea of guilty is, of course, a confession of all the facts charged in the indictment, and also of the evil intent imputed to the defendant." (Citing to *Commonwealth v. Hinds*, 101 Mass. 209, 210 (1869).)

2. Defendant Rowen is giving consideration to the entry of a guilty plea.

3. Defendant Rowen submits that fundamental fairness requires that he be permitted, upon request, enough information to enter such plea upon a fair and reasonably complete understanding of the facts.

4. Defendant Rowen is reasonably certain that he will be able to gain sufficient information to permit the entry of an informed and voluntary plea, if he is given a chance to promptly confer with the appropriate US Probation Officer, in the preparation and submission to the Court, of a Presentence Investigation Report (PSR).

5. More than 95% of all federal defendants ultimately plead guilty.

6. Furthermore, statistically speaking more than 90% of all federal criminal defendants electing a trial, whether by jury or to the court, will be convicted of one or more counts of the indictment.

7. Therefore, neither the government nor the US Probation nor the administration of justice will be prejudiced or disadvantaged in any material way, by the early production of a PSR, since a PSR is virtually always eventually required.

8. An early PSR will contribute to judicial economy.

9. Defendant Rowen by his signature below agrees to such production of a PSR, and to its early disclosure to the District Court and other authorized persons.

10. Defendant Rowen has procured information presumably useful in the preparation of a PSR, based on his understanding of the general outline and the facts normally set forth in a PSR, in order to streamline the process and reduce the time and effort necessary to produce an early PSR. Defendant Rowen stands ready and willing to expedite the process, reduce the burden on US Probation, work toward resolution as to any disputed facts, etc., to the extent not unduly prejudicial to Defendant Rowen's legal rights.

11. Defendant Rowen has inquired of opposing counsel. She did not agree, but did not state opposition.

12. Defendant Rowen hereby agrees to waive speedy trial as to those days necessary and proper for the expeditious preparation of an early PSR, including such time as the Court may deem appropriate for resolving factual disputes that may arise, together with such additional days, if any, as the Court may find appropriately excludable from Speedy Trial calculations.

WHEREFORE, Defendant Rowen respectfully requests that this Court order an early PSR, to be prepared as soon as reasonably practicable; and for such other and further relief as may be appropriate whether or not specifically requested.

/s/ Robert Rowen

Robert Jay Rowen-Pro se

This case is referred to the Probation Department for a Pre-Plea Presentence Report.

Date: June 8, 2021

