**Pages 1 - 14**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Charles R. Breyer, Judge

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | **NO. CR 19-00486-CRB** |
| ) | |
| ROBERT ROWEN and TERESA SU, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

San Francisco, California
Wednesday, October 13, 2021

**TRANSCRIPT OF REMOTE VIDEOCONFERENCE PROCEEDINGS**

**APPEARANCES:** (Via Zoom videoconference.)

For Plaintiff:
        STEPHANIE M. HINDS
        Acting United States Attorney
        450 Golden Gate Avenue
        San Francisco, California  94102
   **BY:  KATHERINE L. WAWRZNIAK**
       **ASSISTANT UNITED STATES ATTORNEY**

For Defendant Rowen:
        BARDSLEY & CARLOS, LLP
        424 F - Suite A
        San Diego, California 92101
   **BY:  MARC X. CARLOS, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

Reported By:  Ruth Levine Ekhaus, RMR, RDR, FCRR
        Official Reporter, CSR No. 12219

1  **APPEARANCES**:   (CONTINUED)

2  For Defendant Su:
                          STONEBRIDGE COUNSEL, APC
3                         1990 N. California Boulevard
                          Suite 1830
4                         Walnut Creek, California 94596
                     **BY:   SANDEEP SINGH, ATTORNEY AT LAW**

```
1    Wednesday - October 13, 2021                           1:48 p.m.

2                      P R O C E E D I N G S

3                            ---o0o---

4         THE CLERK:  Calling Criminal Action CR-19-0486, U.S.A.
5    versus Robert Rowen.
6         Counsel, please state your appearances.
7         MS. WAWRZYNIAK:  Good afternoon, Your Honor.
8    Katherine Wawrzyniak for the United States.  AUSA Yoosun Koh is
9    in trial, so I'll be handling this matter today.
10        THE COURT:  Okay.
11        MR. CARLOS:  Good afternoon, Your Honor.  Mark Carlos
12   on behalf of Dr. Robert Rowen, who is also present on Zoom.
13        MR. SINGH:  Good afternoon, Your Honor.  Sandeep Singh
14   for Dr. Theresa Su, who is present by videoconference.
15        THE COURT:  Good afternoon.
16        So I have received a copy of a plea agreement in this
17   matter in connection with Dr. Rowen, and I'm ready to proceed.
18        Is that appropriate?
19        MR. CARLOS:  Yes, Your Honor.
20        MS. WAWRZYNIAK:  Yes, Your Honor.
21        THE COURT:  Okay.  Would you -- Dr. Rowen, do you
22   understand you have the right to be physically present in front
23   of me for the entry of a plea, but I understand that you agree
24   that this procedure can be done by way of zoom; is that
25   correct?
```

1  **DEFENDANT ROWEN:** Yes, Your Honor.

2  **THE COURT:** Okay. So will you administer the oath to
3  Dr. Rowen.

4  **MR. CARLOS:** Your Honor, before we do that, just a
5  procedure. I was relieved, actually, Mr. -- Dr. Rowen went,
6  I guess, pro per the last time we were before the Court, and I
7  was kept on as advisory counsel.

8  **THE COURT:** Right.

9  **MR. CARLOS:** Shortly thereafter, he decided that that
10 was not in his best interest, so I came back on and negotiated
11 the plea agreement and executed it with Dr. Rowen.

12 So if the record could reflect that I am now back to
13 counsel of record, rather than advisory counsel.

14 **THE COURT:** Okay.

15 And is that satisfactory with you, Dr. Rowen?

16 **DEFENDANT ROWEN:** Yes.

17 **THE COURT:** So the record will reflect that.

18 **MR. CARLOS:** Thank you.

19 **THE COURT:** Okay. Now you can minister the oath to
20 Dr. Rowen.

21              (The oath was administered.)

22 **DEFENDANT ROWEN:** I do.

23 **THE CLERK:** Thank you.

24 **THE COURT:** May have I your full name, please.

25 **DEFENDANT ROWEN:** Robert J. Rowen.

| | |
|---|---|
| 1 | **THE COURT:** When were you born? |
| 2 | **DEFENDANT ROWEN:** November 17, 1949. |
| 3 | **THE COURT:** How old are you? |
| 4 | **DEFENDANT ROWEN:** 71. |
| 5 | **THE COURT:** How far did you go in school? |
| 6 | **DEFENDANT ROWEN:** Medical school. |
| 7 | **THE COURT:** Have you been treated recently for any |
| 8 | mental illness or addiction to narcotic drugs of any kind? |
| 9 | **DEFENDANT ROWEN:** No. |
| 10 | **THE COURT:** Are you currently under the influence of |
| 11 | any drug, medication, or alcoholic beverage of any kind? |
| 12 | **DEFENDANT ROWEN:** No. |
| 13 | **THE COURT:** Have you received a copy of the charges |
| 14 | pending against you? |
| 15 | **DEFENDANT ROWEN:** Yes. |
| 16 | **THE COURT:** Have you had an opportunity to discuss |
| 17 | those charges in your case with your attorney? |
| 18 | **DEFENDANT ROWEN:** Yes. |
| 19 | **THE COURT:** Are you fully satisfied with the |
| 20 | representation given to you in this case by your attorney? |
| 21 | **DEFENDANT ROWEN:** Yes. |
| 22 | **THE COURT:** There is a plea agreement in this case, |
| 23 | did you have an opportunity to read and discuss the plea |
| 24 | agreement with your lawyer before you signed it? |
| 25 | **DEFENDANT ROWEN:** Yes. |

1    **THE COURT:**  Do you understand all the terms of the
2 plea agreement?
3    **DEFENDANT ROWEN:**  Yes.
4    **THE COURT:**  Has anyone made any promise or assurance
5 that is not in the agreement?
6    **DEFENDANT ROWEN:**  I'm not sure I understand that, but
7 no --
8    **THE COURT:**  Are all the assurances or the promises
9 made by the Government to you, are they all contained in the
10 agreement?
11    **MR. CARLOS:**  Your Honor, I --
12    **DEFENDANT ROWEN:**  To the best of my knowledge.
13    **THE COURT:**  Okay.  So there is -- maybe I should ask
14 Mr. Carlos.
15      There is nothing, no other understandings, is that
16 correct, other than what is contained in the plea agreement?
17    **MR. CARLOS:**  There is an understanding with the
18 Government that should Dr. Rowen enter his plea, that they
19 would not be proceeding -- after a declaration is filed, that
20 they would not be proceeding against Dr. Su.
21    **THE COURT:**  Okay.  Turning to the Government.
22     That's correct?
23    **MS. WAWRZYNIAK:**  That is correct, Your Honor.  My
24 expectation --
25    **THE COURT:**  Okay.  So that agreement, that

1  understanding is not in the agreement, but it's part of the
2  understanding.
3       Is that right, Dr. Rowen?
4           **DEFENDANT ROWEN:**  No, Your Honor.
5           **THE COURT:**  All right.  Anything else?
6           **MR. CARLOS:**  No, Your Honor.
7           **THE COURT:**  Not to your lawyer's knowledge.
8       Not your knowledge; is that right, Dr. Rowen?
9           **DEFENDANT ROWEN:**  That is correct.
10          **THE COURT:**  Has anyone threatened you in any way to
11 persuade you to accept the agreement?
12          **DEFENDANT ROWEN:**  No.
13          **THE COURT:**  Do you understand that the Court is not
14 required to follow any recommendation by the Government or your
15 attorney, and that the Court is not required to permit you to
16 withdraw your guilty plea and may impose a sentence that is
17 more severe than you anticipate?
18          **DEFENDANT ROWEN:**  Yes.
19          **THE COURT:**  Has anyone attempted in any way to force
20 you to plead guilty or otherwise threatened you?
21          **DEFENDANT ROWEN:**  No.
22          **THE COURT:**  Has anyone made any promises or assurances
23 of any kind to get you to plead guilty, other than those that
24 are contained in the plea agreement, and the understanding that
25 the Government would not proceed criminally against your wife?

1    **DEFENDANT ROWEN:** That is my understanding.

2    **THE COURT:** Okay. Are you pleading guilty of your own
3    free will because you are guilty?

4    **DEFENDANT ROWEN:** Yes.

5    **THE COURT:** Are you a citizen of the United States?

6    **DEFENDANT ROWEN:** Am I an American citizen,
7    Your Honor.

8    **THE COURT:** Okay.

9    And what are the possible consequences of the plea? I'm
10   asking the Government.

11   **MS. WAWRZYNIAK:** Yes, Your Honor.

12   The defendant is going to plead guilty to Count 2 of the
13   superseding indictment, which is one count of tax evasion in
14   violation of Title 26 United States Code Section 7201.

15   The essential elements of that offense are: First, that
16   the defendant owed more federal income tax for the years
17   specified, 1992 through 1997, and 2003 through 2008; that he
18   knew that he owed more federal income tax for those years than
19   was paid; third, that he made an affirmative attempt to evade
20   or defeat the payment of that additional tax; and fourth, in
21   attempting to evade or defeat the payment of such additional
22   tax, the defendant acted willfully.

23   The maximum penalties for this count are up to five years
24   in prison; a $250,000 fine; up to three years of supervised
25   release; there is a mandatory special assessment of $100; and

1 restitution is to be set by the Court, as specified in the plea
2 agreement.
3     **THE COURT:** Okay. Do you understand those are the
4 possible consequences of your plea?
5     **DEFENDANT ROWEN:** I do, Your Honor.
6     **THE COURT:** Do you further understand you have the
7 right to plead not guilty to any offense charged against you;
8 to persist in that plea? You would then have the right to a
9 trial by jury. At trial, you would be presumed to be innocent
10 and the Government would have to prove your guilt beyond a
11 reasonable doubt.
12   You have the right to assistance of counsel for your
13 defense, appointed by the Court, if necessary, at trial and
14 every other stage of the proceeding; the right to see and hear
15 all the witnesses and have them cross-examined in your defense;
16 the right on your own part to decline to testify, unless you
17 voluntarily elected to do so in your own defense; and the right
18 to compel the attendance of witnesses in your defense.
19     **DEFENDANT ROWEN:** I do understand that.
20     **THE COURT:** Do you understand that, should you decide
21 not to testify or put on any evidence, these facts could not be
22 used against you?
23     **DEFENDANT ROWEN:** Please repeat that, Your Honor.
24     **THE COURT:** Yes. In other words, if you decided not
25 to testify, or if you decided you weren't going to present any

1   evidence, the Government could not comment on that fact before
2   the jury.
3       Do you understand that?
4           **DEFENDANT ROWEN:**  Yes, Your Honor.
5           **THE COURT:**  Do you further understand that by entering
6   a plea of guilty, if the plea is accepted by the Court, there
7   will be no trial and you will have given up your rights to a
8   trial, as well as the other rights associated with the trial as
9   I've just described them?
10          **DEFENDANT ROWEN:**  Yes, I understand.
11          **THE COURT:**  Okay.  I'm asking the Government:  What
12  are the essential elements of the offense?
13          **MS. WAWRZYNIAK:**  All right.  Yes, Your Honor.
14      The essential elements are the four that I mentioned just
15  a moment earlier, that Dr. Rowen owed more federal income tax
16  for two specified periods, 1992 through 1997, 2003 through
17  2008; second, that he knew he owed more federal income tax for
18  those periods; third, that he made an affirmative attempt to
19  evade or defeat the payment of that additional tax; and fourth,
20  that he acted willfully in attempting to evade or defeat the
21  payment of the additional tax.
22          **THE COURT:**  Okay.  So, Dr. Rowen, if this case went to
23  trial, do you believe that the Government would be able to
24  prove each element of the offense beyond a reasonable doubt?
25          **DEFENDANT ROWEN:**  I think there is a good chance that

1  could happen, Your Honor.
2  **THE COURT:** Okay. Looking at your plea agreement on
3  page 2, paragraph 2, it commences at line 12 and it goes all
4  the way through page 3 and continues on page 4, the paragraph
5  terminating on line 21. In that paragraph, a number of
6  statements are made by you concerning your involvement in this
7  offense.
8  Did you read that paragraph carefully before you signed
9  the agreement?
10 **DEFENDANT ROWEN:** I did.
11 **THE COURT:** And is everything stated in that paragraph
12 true and correct?
13 **DEFENDANT ROWEN:** Yes.
14 **THE COURT:** You may take the plea.
15 **THE CLERK:** Mr. Rowen, the Government has filed a
16 superseding indictment charging you in Count 2 with tax evasion
17 in violation of 26 U.S.C. Section 7201.
18 How do you plead: Guilty or not guilty?
19 **DEFENDANT ROWEN:** Guilty.
20 **THE CLERK:** Your Honor, the defendant has entered a
21 guilty plea.
22 **THE COURT:** Okay. It is the finding of the Court that
23 the defendant has entered a knowing and voluntary plea,
24 containing each of the elements of the offense. The defendant
25 is aware of the nature of the charges, the consequences of the

1  plea.  The plea of guilty is a voluntary, knowing plea,
2  supported by an independent basis in fact, containing each of
3  the essential elements of the offense.  The plea is, therefore,
4  accepted, and the defendant is now adjudged guilty of the
5  offense.
6        **THE CLERK:**  Do we have a completed presentence report
7  or was it just a modified?
8        **MR. CARLOS:**  Your Honor, it was -- Mr. Rowen asked for
9  a presentence investigation while I was not his counsel.  And
10 he didn't make any statements in that, so I think we need to do
11 another one, or at least augment --
12       **THE COURT:**  Yeah.  Please supplement it wherever
13 necessary.
14       **MR. CARLOS:**  Sure.
15       **THE CLERK:**  So I can set the sentencing for
16 January 19th at 10:00 a.m.
17       **MS. WAWRZYNIAK:**  That works for the Government.
18       **THE COURT:**  And let's continue the codefendant's
19 appearances to the same date.
20       **MR. CARLOS:**  Excuse me.  I do have a trial which is
21 set on the 10th, which has been pending for about --
22       **THE COURT:**  All right.  So what day would you prefer,
23 Mr. Carlos?
24       **MR. CARLOS:**  Can we go out to the following week,
25 should be either the 25 or 26th of January?

1     **THE CLERK:**  January 26th at 1:30.
2     **MR. CARLOS:**  Unless it's going to be Zoom, then I
3  can --
4     **THE COURT:**  Well, I prefer not doing a sentence in
5  Zoom so --
6     **MR. CARLOS:**  Right.
7     **THE CLERK:**  Right.  Or would January 12th work?
8     **MR. CARLOS:**  No, that would be too --
9     **THE COURT:**  No.
10    **MR. CARLOS:**  So January 26th at --
11    **THE CLERK:**  At 1:30.
12    **MR. CARLOS:**  That will do.  Thank you again.
13    **THE COURT:**  Thank you.
14    **THE CLERK:**  That concludes this afternoon's -- oh.
15    **MS. WAWRZYNIAK:**  Can I just -- for the record on one
16  other point.
17    **THE COURT:**  Yeah.
18    **MS. WAWRZYNIAK:**  With regard to Defendant Su, I think
19  what the Government's expectation is is that her counsel will
20  file an agreed-upon declaration on the public docket.  Once the
21  declaration is filed, the Government will be filing a notice of
22  dismissal as to Defendant Su, and then we'll proceed to
23  sentencing on Defendant Rowen.  I just wanted to make that --
24    **THE COURT:**  However you do it, that's fine.  However
25  it's worked out between the two of you.

1    **MS. WAWRZYNIAK:** All right. Thank you, Your Honor.

2    **THE COURT:** Thank you.

3    **DEFENDANT ROWEN:** Thank you.

4    **THE CLERK:** That concludes this afternoon's

5  proceedings. Thank you.

6            (Proceedings adjourned at 2:01 p.m.)

7                        ---o0o---

### CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Saturday, April 9, 2022

_____
Ruth Levine Ekhaus, RMR, RDR, FCRR, CSR No. 12219
Official Reporter, U.S. District Court