Robert Jay Rowen-Pro se
321 S. Main St. #537
Sebastopol, California 95472
EMAIL: **DRROWEN@ATT.NET**
PHONE: 707-328-3012

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, PLAINTIFF, <br><br>VS. <br><br>ROBERT ROWEN, PRO SE DEFENDANT. | § § § § § § § § § § § | CASE NO. 3:19-CR-00486-CRB-1 <br><br>DEFENDANT ROBERT ROWEN'S SHORT STATEMENT ON LATE FILING OF APPEAL |
|---|---|---|

Defendant Robert Rowen responds to the Court's request (ECF 165) to provide reasons for failure to file notice of appeal within 14 days of entry of final judgment.

Defendant has attached a sworn affidavit to this statement together with copies of electronic communication evidence to support his affidavit.

1. Rowen was never served with the final judgment.
2. His attorney Marc Carlos was unaware of a final judgment (see affidavit and exhibits).
3. Rowen was waiting for the final judgment to fully pay restitution and immediately file a notice of appeal.
4. Rowen first found out about the final judgment on March 25, 2022 when he was contacted by the Department of Justice for payment but had never been served by the court with the amount of restitution or final judgment.

5. At that point Rowen presumed there was a final judgment and discovered only by going to PACER for the docket that there was a final judgment filed with a restitution amount to be paid.

Defendant notes that good faith and intent was demonstrated by remission of full within a few days of discovery of the amount in the final judgment. Payment was made absent any information on the missing $40,000 the IRS had taken from a 2020 overpayment.

The foregoing demonstrates with evidence that there is more than sufficient showing of "excusable neglect" or "good cause"[1] to grant Defendant relief for a 30-day extension of filing the Notice of Appeal. The system broke down in the service of process (notice) on him. He has acted in good faith. Had the Justice Department waited only a few days more to demand payment, Rowen would have been forever barred from appeal through no fault of his own. Respectfully submitted, 12 August 2022.

/s/ Robert Rowen
Robert Jay Rowen-Pro se

---

The reason for the delay was beyond {*party*}'s control. {*Party*} did not have reasonable control over {*specify required act*} because {*state reason for delay and show lack of control*}. {*See "Reason for delay,"* **O'Connor's Federal Rules * Civil Trials**, ch. 5-F, § 4.2.4(2)(c) (2022 ed.).} e. {*Party*} has acted in good faith. {*Elaborate.*} {*See "Good faith,"* **O'Connor's Federal Rules * Civil Trials**, ch. 5-F, § 4.2.4(2)(d) (2022 ed.).}