Affidavit of Robert Rowen

The Undersigned, Robert Jay Rowen, Defendant in this matter, being duly sworn, hereby deposes and says:

I am over the age of 18, and am a resident of the State of California. I have personal knowledge of the facts herein and if called as a witness, I would testify competently thereto.

1. Defendant is and has been pro se.
2. Defendant's attorney, Marc Carlos, informed Rowen that he was formally leaving, and would be off the case at the time of judgment and declined to participate in Rowen's request at the time to move for appeal based on prosecutorial misconduct and coercion of plea.
3. Mr. Carlos, however, agreed to assist Rowen in financial clean up matters.
4. At sentencing hearing, 1-26-22, there was disagreement on the amount of restitution between the government and Rowen.
5. Within days of the plea agreement which included a figure for restitution, the IRS had a separate action taking $40,000 from 2020 overpayments and applied these funds to previous tax years, which should have offset the restitution.
6. This was raised at the hearing by Rowen.
7. The court delayed issuing a final amount of restitution requesting information on this payment.

8. Rowen waited patiently for the final judgment in order to make full payment of restitution to the government, and also to file an appeal, which would not be timely to file until final judgment.

9. Rowen waited two full months from sentencing hearing for the report back to the court adjusted restitution. No service of final judgment was delivered to him by any means, including U.S. mail, electronically, personal service, or by his former attorney, Marc Carlos.

10. It was not until the government demanded restitution in a letter received by Rowen on March 25, 2022, that Rowen became aware that there must have been a final judgment entered, or the government would not have been demanding payment.

11. Rowen immediately went to PACER to examine the docket and found, on his own, that judgment had been entered on February 15, 2022, but which had not been served on him by any means.

12. Rowen went to the criminal appellate rules and found that while an appeal must be filed within 14 days of entry of judgment, 30 days more could be granted with or without motion FRAP 4(b)(4).

13. Rowen then immediately filed a notice of appeal (without motion for extension) and requested transcripts to prepare the appeal.

14. Rowen paid the demanded restitution in full within days.

15. Rowen provides the following as evidence to support the truth of this affidavit:

    A) Attached as Exhibit A is a true and direct copy of an email exchange between Robert Rowen and his former attorney Marc Carlos. This email confirms that Robert Rowen intended to move to vacate the plea but was under the impression that a final

judgment had not been issued. His attorney was also not aware that a final judgment had been issued. The email is redacted to remove attorney client privileged information, so as not to waive attorney client privilege. However, communication related to Rowen's state of mind at the time is left intact.

B) Exhibit B, a true and correct print out of texts between attorney Carlos and Rowen showing Rowen's outreach to Carlos on March 28, 2022 at 11:24 am regarding the sudden notice of collection demand. There had been no communication between Carlos and Rowen from sentencing hearing to March 28. [Exhibit B ]. Mr. Carlos did not even then inform Rowen that he knew of a final judgment.

C) True and correct copy of email from Rowen to Carlos dated March 25, 2022 announcing arrival of demand latter from Justice Dept for restitution, and lack of information from the Justice Department or the court regarding the missing $40,000. [Exhibit C]

D) Exhibit D, true and correct copy of email from AUSA Koh to Carlos on February 2, 2022 evidencing that government was looking into the issue of the overpayment. (This further encouraged Rowen to patiently wait for outcome).

16. In subsequent communications with Mr. Carlos, he denied being served the final judgment. In fact, the demand letter Rowen received for restitution stated that the government did not hear back from Mr. Carlos.

**FURTHER, THIS AFFIANT SAYETH NOT.**

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Executed this 12 day of August, 2022

_Robert Jay Rowen_ (signature)
Robert Jay Rowen

[Notary seal: GRETCHEN HILL, COMM. # 2346523, NOTARY PUBLIC - CALIFORNIA, SONOMA COUNTY, COMM. EXPIRES FEB. 12, 2025]

State of California, County of Sonoma
Subscribed and sworn to (or affirmed) before me on this 12th day of August, 2022, by Robert Jay Rowen proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
_Gretchen Hill, Notary Public_ (signature)
Signature



From: Marc X. Carlos, Esq. marc@marccarloslaw.com
Subject: Re: Case
Date: March 22, 2022 at 7:07 AM
To: Robert Rowen drrowen@att.net
Cc: Sandeep Singh sandeep@stonebridgecounsel.com, monique romero mromero.bc@gmail.com

Robert: Sorry about not getting back to you. I had some family issue over the last month that have taken me out of the office for an extended period. Let me know the location, reason and dates of travel to request an order from the court.

REDACTED

I have ccd Sandeep on this message, since you have included Terry in your communication.

---
MARC X. CARLOS, ESQ.
MARC CARLOS LAW, APC
424 F STREET, SUITE 205
SAN DIEGO, CA. 92101

619-702-3226 OFFICE
619-252-6016 CELL
www.marccarloslaw.com

This email contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above. If you are not the intended recipient of this email, or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please notify us by reply email. Thank you for your cooperation.

Exhibit A page 1 of 2

From: Robert Rowen drrowen@att.net
Subject: Case
Date: March 21, 2022 at 11:12 PM
To: Marc Carlos Esq. marc@marccarloslaw.com



Hi Marc,
Well after sending you some messages and not hearing back it is not clear to me that you are still on the case. I especially wanted travel to see family in summer and if you are on the case, I don't want to reach out to Koh myself.

That said, I have had deep discussions with Terri and she is behind me moving to vacate the plea and proceed on. There are good grounds for getting it vacated.

That is the basis for vacating the plea. No guarantees, but nothing to lose as I go to prison anyway.

would have gone to trial absent Terri. Now,

If I don't get the plea struck, I will still move to vacate the judgment for
Vacating the plea gets my arguments done before I have to serve.

I believe I cannot move to vacate myself at this moment because technically are you not still on the case? Final judgment has not come down. After that, I read the rules telling me I can do a direct appeal to vacate the plea within 10 days.

So, I wanted to fill you in. I am willing to take the chances if it goes to trial.

I am wanting to testify.

Thank you.
Robert

Exhibit A Page 2 of 2

Are you free to talk now?

Mon, Mar 28, 11:24 AM

Just checking to see if you have talked with collections. I plan to mail payment today. Hoping for any type of clarification on the 40K as it never came to me.

No i have been in court all morning. Will try this afternoon.
Waiting for my hearing

Thank you. I need to leave for post office by 3:00 because of other appointments



Exhibit B

From: **Robert Rowen** drrowen@att.net
Subject: **Court IMPORTANT**
Date: March 25, 2022 at 6:56 PM
To: Marc Carlos Esq. marc@marccarloslaw.com
Cc: Sandeep Singh sandeep@stonebridgecounsel.com



Marc,
I got a letter from the justice department telling me they tried to contact you about restitution and fine. They said they did not hear form you so they assume you are not on the case anymore, despite the final paperwork not forthcoming.
So, they sent to me the demand letter and there is no offset for the 40K the IRS kept.

I don't know what to do. I have the funds but if I pay, IRS is not likely to easily refund. Sandeep is our civil attorney for these years, but I don't want to involve him at this time since we have proof that 40k was kept by IRS, and was not accounted for in the hearing. We were waiting for a final figure to come from the court.
They have given me 10 days to pay. What do I do?

Robert



Exhibit C

From: Marc X. Carlos, Esq marc@marccarloslaw.com
Subject: Restitution
Date: February 2, 2022 at 4:54 PM
To: Robert Rowen drrowen@att.net

Hi Robert. Can you review the screenshot below

.ıll AT&T LTE                4:03 PM                83% 🔋

< 252                                              ∧  ∨

# US v. Rowen - Restitution and Overpayment

Hi Marc,

I hope you're doing well. The IRS revenue agent and I are trying to find out about the overpayment issue. Could you please let me know what year the overpayment was made? If it was for tax year 2021, the 2021 tax return needs to be filed prior to applying any overpayment to restitution. Thank you.

Best,
Yoosun

**Yoosun Koh**

Exhibit D   page 1 of 2

Assistant United States Attorney
Northern District of California
450 Golden Gate Avenue, 11th Floor
San Francisco, CA 94102
Yoosun.Koh@usdoj.gov
Office: (415) 436-7034
Cell: (415) 377-6159

   

Marc X. Carlos, Esq.
MARC CARLOS LAW, APC
424 F. Street, Suite A
San Diego, Ca 92101
619-702-3226 office
619-252-6016 cell

www.marccarloslaw.com

Sent from my iPhone

Exhibit D page 2 of 2