IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>   Plaintiff,<br><br>  v.<br><br>ROBERT ROWEN,<br><br>   Defendant. | Case No. 19-cr-00486-CRB-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TERMINATE PROBATION** |

  Defendant Robert Rowen, who pleaded guilty to tax evasion in 2021, served 18 months in prison and is now about halfway through his 3-year term of supervised release. He moves to terminate supervision, which is scheduled to end in July 2026, on the basis that that he served his custodial sentence without incident, has satisfied the financial components of his sentence (i.e., he paid fines and restitution and filed proper tax returns), and has complied so far with the provisions of his supervised release. See Mot. (dkt. 186) at 1. The government opposes the motion, pointing to Rowen's prior convictions for violating the federal tax laws and asserting that Rowen offers no exceptional circumstances that would justify early termination of probation. See Opp. (dkt. 188) at 4.

  The Court "may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014) (quoting 18 U.S.C. § 3583(e)(1)). It is not required that the defendant show any change in his circumstances or exceptional behavior to justify his request for early termination. United States v. Ponce, 22 F.4th 1045, 1047 (9th Cir. 2022) (holding that exceptional circumstances may be relevant but are not required).

1    Rowen's conduct, though not exceptional, still warrants the early termination of
2    supervised release.  He states that since his guilty plea, he has paid all his taxes when due,
3    see Mot. at 1; the government does not dispute this.  The Court notes the government's
4    concern with Rowen's prior conviction, see Opp. at 4, but that 30-year-old conviction does
5    not outweigh Rowen's compliance with the terms of his supervised release over the last
6    year and a half.  And contrary to the government's suggestion, id., the Court does not find
7    that terminating Rowen's supervised release would jeopardize the deterrent effect of his
8    custodial sentence and fines—the aspects of his sentence more appropriately considered as
9    punishment, rather than rehabilitation.  Thus, the Court also finds that the interest of justice
10   support early termination.

The Court **GRANTS** Rowen's motion to terminate probation.

**IT IS SO ORDERED.**

Dated: December 9, 2024

CHARLES R. BREYER
United States District Judge

2